IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-71,226-01 to -04






EX PARTE CHIMINH EDVON JOHNSON, Applicant








ON APPLICATIONS FOR WRIT OF HABEAS CORPUS


CAUSE NOS. 8502-1, 853-1, 8504-1, & 8505-1 IN THE


82ND DISTRICT COURT FROM FALLS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of four counts of
forgery and sentenced to eight years' imprisonment after Applicant was found to be a habitual
offender. He did not appeal these convictions.

 Applicant contends that his counsel failed to give timely notices of appeal and the trial court
has found that this is true, recommending that Applicant receive an out-of-time appeal. However,
there are no reporter's records, affidavits or other documents in these records to show that Applicant
advised counsel that he wanted to appeal, or that counsel was at fault in failing to file a timely notice
of appeal.

 It is the Court's opinion that additional facts need to be developed and that the trial court is
the appropriate forum. Therefore, the trial court is ordered to obtain an affidavit from Applicant's
trial counsel addressing Applicant's factual allegations, and to allow Applicant an opportunity to
tender any other affidavits to support his allegations. Alternatively, the trial court may conduct an
evidentiary hearing at which Applicant would have an opportunity to prove his allegations, and the
trial court is not limited to the above issues if the court believes other facts relevant to the legality
of Applicant's confinement should be determined.

 The trial court should then make findings of fact as whether Applicant ever indicated a desire
to appeal this conviction and, if not, specifically what Applicant's trial counsel advised him as to his
appellate rights, and whether counsel was responsible for the failure to give timely notice of appeal. 
See Ex parte Axel, 757 S.W.2d 369 (Tex.Cr.App. 1988). The court may also make findings of fact
as to any other matters the court deems relevant to the legality of Applicant's confinement.

 If an evidentiary hearing is conducted, and Applicant is found to be indigent at the time of
the hearing, the trial court shall ensure that Applicant is represented by counsel unless such is
affirmatively waived.

 Since this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d 294 (Tex.Cr.App.
1960), this application for a post-conviction writ of habeas corpus will be held in abeyance pending
the trial court's compliance with this order. Any hearing conducted pursuant to this order shall be
held within 90 days of the date of this order. (1) The trial court's findings of fact, any affidavits or
transcription of the court reporter's notes, and any other supplementation of the record shall be
returned to this Court within 120 days of the date of this order. (2)

Filed: January 14, 2009

DO NOT PUBLISH
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.